

U.S. Department of Justice

United States Attorney
Eastern District of New York

NB:AXB:dtt
F. #2020R00366

610 Federal Plaza
Central Islip, New York 11722

September 8, 2020

By E-mail
David M. Schwartz, Esq.
Gerstman Schwartz LLP
1399 Franklin Avenue North
Garden City, New York 11530

      Re:    United States v. Singh
                  Magistrate Docket No. 20-326

Dear Mr. Schwartz:

        This letter constitutes the agreement between the United States Attorney's Office for the Eastern District of New York (the "Office") and your client Amardeep Singh a/k/a "Bobby Singh" and "Bobby Sidana" (hereinafter, "Singh").

        On April 24, 2020, the above-captioned criminal complaint was filed in the Eastern District of New York alleging the commission of an offense against the United States, to wit: the unlawful accumulation of designated material, in violation of Title 50, United States Code, Sections 4512 and 4513. After a thorough investigation, it has been determined that the interest of the United States and Singh's interest will best be served by deferring prosecution in this District. Prosecution will be deferred during the terms of this agreement for the period of 24 months from the signing of this agreement.

    1.    The terms and conditions constituting Singh's good behavior and satisfactory compliance are as follows:

        a.    Singh accepts and acknowledges responsibility for his behavior as set forth in the Statement of Facts, attached hereto and incorporated by reference herein as Attachment "A." He will neither contest the admissibility of, nor contradict in any proceeding, the Statement of Facts.

        b.    Singh agrees to be supervised by the United States Pretrial Service Agency for a period of twenty-four (24) months.

    c.    Singh shall not violate any federal, state, and/or local law, and must immediately contact the U.S. Pretrial Services Officer assigned to him if arrested or questioned by a law enforcement officer.

    d.    Singh may only associate with law abiding persons.

    e.    Singh must permit visits to his home and place of employment by the supervising U.S. Pretrial Services Officer and immediately notify the officer of any change of residence or employment.

    f.    Singh shall follow the advice and instructions of the supervising U.S. Pretrial Services Officer.

    g.    Singh will report to the supervising U.S. Pretrial Services Officer as directed.

    h.    Singh shall not use illegal drugs and will attend mental health treatment, if directed to do so by the U.S. Pretrial Services Agency.

    i.    Singh shall comply with the executed Stipulation, attached hereto and incorporated by reference herein as Attachment "B," regarding the disposition of personal protective equipment.

    The United States Attorney may at any time revoke or modify any condition of this provisional release or change the period of such supervision.  The United States Attorney may discharge Singh from supervision at any time.  The United States Attorney may at any time proceed with the prosecution for this offense should such action be deemed advisable.  Upon the successful completion of the period of supervision, the supervising U.S. Pretrial Services Officer will send an adjustment report to the United States Attorney's Office advising that Singh has complied with all the rules, regulations, and conditions and special conditions, along with a recommendation for no further prosecution for the above offense.  The Office agrees that, upon successful completion of the period of supervision, the Complaint shall be dismissed.

    Singh agrees that, with respect to the charge identified in the Complaint, he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law.

    Singh must not commit, or attempt to commit, any further crimes.  Should it be judged by the Office that Singh has committed or attempted to commit any further crimes, or has otherwise violated any provision of this agreement, the Office will be released from its obligations under this agreement.  Singh will also be subject to prosecution for any federal criminal violation of which the Office has knowledge, including, but not limited to, the criminal activity described above, perjury and obstruction of justice, and the government will

be able to use the Statement of Facts against Singh in said prosecution. Any prosecution resulting from Singh's failure to comply with the terms of this agreement may be premised upon, among other things: (a) any statements made by Singh to the Office or to other law enforcement agents; (b) any testimony given by him before any grand jury or other tribunal, whether before or after the date this agreement is signed by Singh; and (c) any leads derived from such statements or testimony. Prosecutions that are not time-barred by the applicable statutes of limitation on the date this agreement is signed may be commenced against Singh in accordance with this paragraph, notwithstanding the expiration of the statutes of limitation between the signing of this agreement and the commencement of any such prosecutions.

        Singh waives all claims under the United States Constitution, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal statute or rule, that statements made by him, including the Statement of Facts, or any leads derived therefrom, should be suppressed.

        This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving Singh.

        Apart from any written proffer agreements, no promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless memorialized in writing and signed by all parties. This agreement

supersedes any prior promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated: Central Islip, New York
      September 25, 2020

                    SETH D. DuCHARME
                    Acting United States Attorney
                    Eastern District of New York

              By: _____
                    Anthony Bagnuola
                    Assistant United States Attorney

              Approved by:
              _____
              Nicole Boeckmann
              Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
Amardeep Singh, also known as
   "Bobby Singh" and "Bobby Sidana"

Approved by:

_____
David M. Schwartz, Esq.
Counsel to Amardeep Singh

4

## ATTACHMENT A
*Statement of Facts*

I, Amardeep Singh, admit as true all the facts set forth in this Statement of Facts, and acknowledge the following:

1. I own and operate a network of entities that are variously known as "NY Tent Sale," "HottestFootwear.com d/b/a Warehouse Liquidation Center," "WLC Mart" and "S&S Sports, Inc." (collectively, the "Entities").

2. Prior to March 2020, the Entities exclusively engaged in the business of selling sneakers, clothing and apparel, both online and from a commercial location whose address is 1538 Old Country Road, Plainview, New York (the "Retail Premises"). In connection with this business, the Entities also utilized off-site warehouse space located at 355 Crooked Hill Road, Brentwood, New York (the "Warehouse Premises").

3. In or about March 2020, in response to the COVID-19 pandemic impacting the Metropolitan New York area, I dedicated a portion of the Retail Premises to so-called "COVID-19 Essentials," where, among other things, I marketed and sold personal protective equipment ("PPE") to the public.

4. On March 18, 2020, responding to the pandemic, the President issued Executive Order 13909, see 85 Fed. Reg. 16,227, invoking the powers vested in the President by the Defense Production Act of 1950, 50 U.S.C. §§ 4501 et seq. (the "Act"). Thereafter, on March 23, 2020, the President issued Executive Order 13910, see 85 Fed. Reg. 17,001, delegating to the Secretary of Health and Human Services ("HHS") the President's authority under the Act "to prevent hoarding of health and medical resources necessary to respond to the spread of COVID-19 within the United States," and "to implement any restrictions on hoarding." On March 25, 2020, exercising the authority delegated by the President, the Secretary of HHS published a notice, see 85 Fed. Reg. 17,592, designating certain health and medical resources under the Act as scarce materials or materials the supply of which would be threatened by accumulation in excess of reasonable demands of business, personal, or home consumption, or for the purpose of resale at prices in excess of prevailing market prices (the "Designated Scarce Materials").

5. On March 18, 2020, the Nassau County Department of Consumer Affairs ("NCDCA") issued a citation to "HottestFootwear.com d/b/a Warehouse Liquidation Center," an entity under my control, for alleged unconscionable trade practices arising from the sale of N-95 respirator face masks at the Retail Premises, namely, repackaging individual N-95 masks in Ziploc bags and selling them to consumers, in violation of New York's consumer protection laws.

6. Between March 19 and March 31, 2020, the NCDCA issued six more citations to "HottestFootwear.com d/b/a Warehouse Liquidation Center," all for alleged unconscionable trade practices at the Retail Premises, including, but not limited to: (i) selling N-95 respirator face masks without proper labeling and user instructions; (ii) selling outdated models of N-95 respirator face masks whose approval had been rescinded by the CDC; and (iii) selling PPE face shields without proper labeling and user instructions.

7. On April 1, 2020, I received a cease-and-desist letter from the Office of the New York State Attorney General addressed to "WLC," an entity under my control, providing me notice that WLC may be violating New York's price-gouging statute, N.Y. Gen. Bus. L. § 396-r, by advertising and offering certain necessary consumer goods, including hand sanitizers and other disinfecting products, at "unconscionably excessive prices during a period of market disruption caused by the outbreak" of COVID-19.

8. Between March 15, 2020 and April 14, 2020, acting individually and on behalf of the Entities under my control, I accumulated PPE and other health and medical resources, some of which constituted Designated Scarce Materials, with the intent to resell them, and did resell them, at prices that substantially exceeded prevailing market prices for those items. For example:

    a. I obtained some N-95 respirator face masks for a per-unit cost of $2.50 with the intent to resell them and I did resell them at the Retail Premises for a per-unit price of between $3.99 and $4.99;

    b. I obtained some "Dr. Mfyan" brand KN-95 respirator face masks for a per-unit cost of $2.60 with the intent to resell them and I did resell them at the Retail Premises for a per-unit price of $6.99;

    c. I obtained some generic KN-95 respirator face masks for a per-unit cost of $1.75 with the intent to resell them and I did resell them at the Retail Premises for a per-unit price of $4.99;

    d. I obtained some three-ply disposable face masks for a per-unit cost of $0.07 with the intent to resell them and I did resell them at the Retail Premises for a per-unit price of $1.00;

    e. I obtained some non-medical fashion masks for a per-unit cost of $7.50 with the intent to resell them and I did resell them at the Retail Premises for a per-unit price of $18.00;

      f.      I obtained some PPE face shields for a per-unit cost of $3.10 with the intent to resell them and I did resell them at the Retail Premises for a per-unit price of $9.99;

      g.      I obtained some 100-count boxes of disposable vinyl gloves for a cost of between $2.50 and $3.99 per box with the intent to resell them and I did resell them at the Retail Premises for $7.99 per box;

      h.      I obtained some digital thermometers for a per-unit cost of $35.50 with the intent to resell them and I did resell them at the Retail Premises for a per-unit price of $79.99;

      i.      I obtained some 32-ounce bottles of "Perfect Purity" brand hand sanitizer for a per-unit cost of $8.50 with the intent to resell them and I did resell them at the Retail Premises for a per-unit price of $24.99; and

      j.      I obtained some 16-ounce bottles of "Sanizide" brand hand sanitizer for a per-unit cost of $8.00 with the intent to resell them and I did resell them at the Retail Premises for a per-unit price of $14.99.

9.      Between March 15, 2020 and April 14, 2020, as a result of the accumulation and resale of PPE and other health and medical resources, some of which constituted Designated Scarce Materials, described herein, I and the Entities under my control received net profits of approximately $122,000.

10.      Pursuant to a Deferred Prosecution Agreement dated September 8, 2020, I have agreed to donate, without seeking any form of compensation, PPE and other health and medical resources with an estimated resale value of $455,315.90 to hospitals, health care providers, first responders, essential workers and/or other relevant persons, entities or organizations, including the State of New York,

involved with addressing the needs of those affected by the pandemic and working to prevent the spread of COVID-19.

Dated: Central Islip, New York
      September 25, 2020

I have read this entire Statement of Facts and discussed it with my attorney. I understand all of its contents and am signing it knowingly and voluntarily.

_____
Amardeep Singh, also known as
   "Bobby Singh" and "Bobby Sidana"

Approved by:

_____
David M. Schwartz, Esq.
Counsel to Amardeep Singh

4

**ATTACHMENT B**
*Stipulation*

BGK:KKO
F. #2020R00366

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

IN RE:                                                                 **STIPULATION**

PPE SEIZED FROM AMARDEEP SINGH          20-MJ-326
ON OR ABOUT APRIL 14, 2020

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        WHEREAS, on or about April 14, 2020, pursuant to a search warrant issued on April 13, 2020 by the Honorable A. Kathleen Tomlinson, United States Magistrate Judge for the Eastern District of New York, law enforcement agents lawfully seized personal protective equipment ("PPE") from 1538 Old Country Road, Plainview, New York (the "Plainview Location");

        WHEREAS, on or about the same date, pursuant to a search and seizure on consent, law enforcement agents lawfully seized PPE from 355 Crooked Hill Road, Brentwood, New York (the "Brentwood Location");

        WHEREAS, the PPE seized from the Plainview Location and Brentwood Location ("Seized PPE") is currently in the custody and control of the United States Postal Inspection Service ("USPIS");

        WHEREAS, on or about April 24, 2020, a criminal complaint was filed against Claimant charging him with violations of Title 50, United States Code, Sections 4512 and 4513;

        WHEREAS, the Claimant may seek return of the Seized PPE by filing a motion pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure;

WHEREAS, the United States and Claimant have agreed to enter into a deferred prosecution agreement (the "DPA");

WHEREAS, the Claimant declares and affirms exclusive ownership interest and rights in the Seized PPE;

WHEREAS, neither the Claimant nor the United States (collectively, the "Parties") is aware of any additional other persons or entities with a legal interest in the Seized PPE; and

WHEREAS, the Parties desire to resolve this matter without litigation upon the below mutually agreeable terms and conditions;

NOW, THEREFORE, it is hereby stipulated and agreed by and between the United States and the Claimant, through their undersigned attorneys, as follows:

1. Law enforcement agents lawfully seized the Seized PPE from the Claimant on or about April 14, 2020.

2. The Claimant represents that he has exclusive ownership interest and rights to the Seized PPE. The Claimant and his undersigned attorney further represent that they are fully authorized to execute this and all other documents necessary to effectuate this resolution.

3. As of the date of the execution of this Stipulation, neither the Claimant nor anyone else has filed a claim to the Seized PPE. The Claimant and his undersigned attorney further represent that they are not aware of any other additional potential claimants to the Seized PPE.

4. Upon execution of this Stipulation, and pursuant to the terms set forth herein, the parties intend to enter into the DPA.

5. Based on the foregoing, the Claimant, recognizing that the United States has determined that the nation is currently in the midst of a COVID-19 pandemic and that the Seized PPE are scarce medical supplies that are necessary to fight the spread of COVID-19, wishes to donate, without seeking any form of compensation, certain Seized PPE to hospitals, health care providers, first responders, essential workers and/or other relevant persons, entities or organizations, including the State of New York, involved with addressing the needs of those affected by the pandemic and working to prevent the spread of COVID-19 (the "Responding Entities").

6. Based on the foregoing representation by the Claimant, the United States agrees to release the Seized PPE to allow for the Claimant to effectuate his desire to donate the Seized PPE to the Responding Entities, as set forth above.

7. To effectuate the terms of this Stipulation, the Seized PPE shall be returned to the Claimant by the USPIS within a reasonable time after the execution of this Stipulation.

8. The Claimant agrees to release, remise, hold harmless and forever discharge, the United States and its agencies, agents, officers, and employees, past and present, from all claims or causes of action which the Claimant and his heirs, agents, assigns, representatives, and successors ever had, now have, or hereafter may have against the United States and its agencies, agents, officers, and employees, past and present, for or on account of the commencement of this matter, the seizure and/or restraint of the Seized PPE and the resolution of this matter.

9. The Claimant waives his rights, if any, to use the seizure and/or restraint of the Seized PPE, and/or or the resolution of this matter as a basis for any statutory

or constitutional defense, including, without limitation, defenses based upon the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment in any other civil, criminal or administrative action.

10. The Parties agree that each Party shall bear its own costs and attorney's fees, and the Claimant further agrees to waive any and all rights he has, if any, to recover attorney's fees and/or interest under the Equal Access to Justice Act, or any other legal or statutory bases. The Claimant will not seek compensation for the Seized PPE from the United States, its agencies and contractors, or from any of the Responding Entities. The United States takes no position regarding the tax treatment of any donations of PPE by the Claimant.

11. This Stipulation sets forth the Parties' entire agreement regarding the Seized PPE. No promises, agreements or conditions have been entered into by the Parties other than those set forth in this Stipulation and the DPA and none will be entered into unless memorialized in writing and signed by all parties. Further, this Stipulation shall not create any rights in any Responding Entities or other potential unidentified third party beneficiaries to this Stipulation.

12. By signing below, the Claimant through his attorney, certifies that he has read and fully understood this Stipulation in its entirety and each and every provision contained herein.

Dated: Central Islip, New York
       September 25, 2020

                        SETH D. DuCHARME
                        Acting United States Attorney
                        Eastern District of New York
                        610 Federal Plaza
                        Central Islip, New York 11722

                    By: _____
                        Anthony Bagnuola
                        Assistant U.S. Attorney
                        (631) 715-7849

Dated: New York, New York
       September 22, 2020

                        GERSTMAN SCHWARTZ LLP
                        1399 Franklin Avenue North
                        Garden City, New York 11530
                        *Attorney for Claimant*

                    By: _____
                        David M. Schwartz, Esq.
                        (516) 880-8170